**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**UNITED STATES OF AMERICA,**

        Plaintiff,

  -vs-

**Case No. 06-CR-282**

**CHRISTOPHER ROGERS,**

        Movant.

**DECISION AND ORDER**

This matter comes before the Court on Christopher Rogers' ("Rogers") motion to reduce his sentence pursuant to the crack cocaine guideline changes in Amendment 706 to the Sentencing Guidelines. Rogers' base offense level was 38, and the amount of crack attributable to Rogers was 6.6 kilograms. Therefore, Rogers' base offense level of 38 is not changed because that level still applies to 4.5 kilograms or more of crack (as opposed to 1.5 kilograms or more prior to the Amendment). Therefore, Rogers is ineligible for relief. *See* U.S.S.G. 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with the policy statement and is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range"); *see also United States v. McFadden*, 523 F.3d 839 (8th Cir. 2008) (per curiam) (denying motion based on Amendment 706 because amendment did not lower applicable guideline range).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** Rogers' motion [D. 214, 243] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 3rd day of November, 2008.

                          **SO ORDERED,**

                          *s/ Rudolph T. Randa*
                          **HON. RUDOLPH T. RANDA**
                          **Chief Judge**